UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOUADIO KOUASSI,

                Plaintiff,

-against-

DONALD TRUMP, USA President;
ALASSANE OUATARA, Cote d'Ivoire
President,

                Defendants.

ORDER OF DISMISSAL

25-CV-5121 (LLS)

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is proceeding *pro se*, alleges that he resides in Côte d'Ivoire. By order dated June 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Plaintiff brings this suit against the Presidents of the United States and the Côte d'Ivoire. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff alleges that his intentions are "observed by satellite globally" and his reflections are being used to make movies and television productions. He states that in 2018, President Donald Trump sent him to Côte d'Ivoire to be the interim president, but he was not allowed to assume the position.

Plaintiff mentions issues with his social security number and birth certificate. He refers to a political agreement involving the extension of the retirement age to 67, starting with people born in 1960, based on a mathematical formula. He states that "they are using my social security account for corruption to pay people round." (ECF 1 at 1.) Plaintiff includes mathematical formulas that purportedly relate to his "inauguration day," "Medicare," and birth certificate numbers.

Plaintiff sues President Donald Trump of the United States and President Alassane Ouattara of the Côte d'Ivoire, alleging violations of a political agreement and misuse of his social security account. He seeks for $40,000,000 in damages.

## DISCUSSION

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

The Court construes Plaintiff's complaint with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, but concludes that the allegations do not plausibly allege a violation of Plaintiff's rights. These allegations thus do not state a claim on which relief can be granted, and the Court therefore dismisses Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with further amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Clerk of Court is directed to enter judgment in this matter.

SO ORDERED.

Dated: July 15, 2025
       New York, New York

                                                */s/ Louis L. Stanton*
                                                    Louis L. Stanton
                                                          U.S.D.J.